**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Deluxe Small Business Sales, Inc., | **Case No.:  11-CV-1449  (JNE/SER)** |
| | **11-CV-1519  (JNE/SER)** |
| Plaintiff, | |
| | |
| v. | **REPORT AND  RECOMMENDATION** |
| | |
| Bernard Findley, | |
| | |
| Defendant. | |

_____

Russell Miller Acquisition, Inc.,

      Plaintiff,

v.

Deluxe Small Business Sales, Inc.,

      Defendant.

---

Jonathan M. Bye, Lindquist & Vennum, PLLP, 80 South 8th Street, Suite 4200, Minneapolis, Minnesota 55402, on behalf of Deluxe Small Business Sales, Inc.

Bernard Findley, *pro se*, 9 Lovell's Lane, Newton, Connecticut 06470.

Russell Miller Acquisition, Inc., *pro se*, 10425 Slusher Driver, Santa Fe Springs, California 90670.

---

STEVEN E. RAU, United States Magistrate Judge

The this matter came before the undersigned on March 27, 2012 and May 4, 2012 on this Court's Orders to Show Cause [Doc. Nos. 41, 50] and Plaintiff Deluxe Small Business Sales Inc.'s ("Deluxe") Request for Sanctions [Doc. No. 45].  Neither Bernard Findley ("Mr. Findley") nor any representatives of Russell Miller Acquisition, Inc. ("RMA") personally appeared at either show cause hearing.  Jonathan Bye and Karla Vehrs appeared on behalf of Deluxe.  This matter

1

has been referred to the undersigned for the resolution of pretrial matters pursuant to 28 U.S.C. §

636 (b) (1) (A) and District of Minnesota Local Rule 72.1.  For the reasons set forth below, the

Court recommends that default be entered against RMA and Mr. Findley in an amount to be

determined following appropriate briefing or a hearing before the District Court.

### I.      PROCEDURAL HISTORY

In March 2010, Mr. Findley, a resident of Connecticut and President of RMA entered into

a limited guaranty agreement with Plaintiff Deluxe Small Business Systems, Inc., ("Deluxe") as

part of the sale of a distressed business.  (Deluxe Compl. at ¶ 5-6, Attach. A at 1) [Doc. No. 1].

In the guaranty, Mr. Findley agreed to pay Deluxe all expenses and costs incurred in enforcing

the guaranty.  (Deluxe Compl. at ¶ 8).  Watson, Bennett, Colligan & Schechter, LLP ("Watson

Bennett") served as counsel to Findley in the transaction and facilitated the creation of RMA, a

Delaware corporation with its principal place of business in California.  (RMA Compl.) [11-cv-

1519 Doc. No. 1, at 2 ¶ 3].

On June 2, 2011, Deluxe filed a complaint against Mr. Findley to enforce his obligations

under the guarantee.  (Deluxe Compl. at 2).  Plaintiff RMA filed a Complaint against Deluxe and

Deluxe Corporation, (collectively, "Deluxe") on June 9, 2011, alleging fraudulent inducement,

negligent misrepresentation, breach of contract, and requesting specific performance as a result

of Deluxe's purported overvaluation of the distressed business Deluxe sold to RMA.  (Answer at

9-15) [11-cv-1449  Doc. No. 5].   Findley's answer asserted nine affirmative defenses and

requested consolidation of the related case, *Russell Miller Acquisition Inc. v. Deluxe Small

Business, Inc. and Deluxe Corporation*, 11cv1519 (PJS/JSM).  (Answer at 3-4) [11-cv-1449 Doc.

Nos. 5, 13].  Deluxe filed an answer and five-count counterclaim against RMA on June 14, 2011.

[11-cv-1519 Doc. No. 2].

On January 27, 2012, Watson Bennett and local counsel, Mansfield, Tanick & Cohen, PA ("MTC"), moved to withdraw as counsel for Findley and RMA (collectively "the Findley parties") because their clients failed to follow counsel's advice, respond to requests for discovery, communicate with counsel, and meet their financial obligations to counsel. *See In Camera* Aff. of A. Nicholas Falkides in Further Supp. of Watson, Bennett, Colligan & Schechter, LLP's Mot. to Withdraw as Counsel for Def. Bernard Findley and Pl. Russell Miller Acquisition, Inc.; *In Camera* Aff. of Seymour J. Mansfield in Supp. of Mansfield, Tanick & Cohen, PA's Mot. to Withdraw as Counsel for Def. Bernard Findley and Pl. Russell Miller Acquisition, Inc. (collectively, "*in camera* affidavits"). Watson Bennett and MTC provided proper service of the relevant orders, motions, notices, and supporting documents to Mr. Findley, RMA, and Deluxe. [Doc. Nos. 17, 20, 22, 25, 28-32, 35, 38].

On February 17, 2004, the Findley lawyers purportedly acting on behalf of their clients requested: (1) extension of the fact discovery deadline to May 15, 2012; (2) postponement their depositions noticed for March 2012; and (3) extension of their written discovery response deadline to April 16, 2012. (Feb. 17, 2012 Letter) [Doc. No. 33]. The letter described "a serious failure of communication and cooperation between the Findley Parties and their counsel" and sought to extend the fact discovery deadline to avoid undue prejudice to the Findley parties if they decided to seek substitute counsel. (*Id*. at 1-3). Though no discovery had been conducted, "extensive pre-discovery disclosures" were exchanged. (*Id*. at 3). Deluxe opposed the extension and recounted its fruitless efforts to obtain requested written discovery and deposition testimony from the Findley parties. (Feb. 21, 2012 Letter) [Doc. No. 36]. Deluxe asserted, "It is apparent that Findley and RMA have decided to ignore these lawsuits and just let them run their course. The fact that they have chosen to stop communicating with their counsel is not good cause for postponing the inevitable." (*Id*. at 3). The Court held a telephone status conference on February

23, 2012, in an attempt to resolve the parties' dispute.  [Doc. No. 37].  Ultimately, the parties were unable to reach an agreement, and the Court agreed to decide the matter together with the motions to withdraw.

At the March 19, 2012 hearing, none of the Findley parties personally appeared or otherwise responded in opposition to the motions to withdraw, though Seymour Mansfield and A. Nicholas Falkides appeared on their behalf.  [Doc. No. 39].  Jonathan Bye appeared on behalf of Deluxe and orally moved for an order to show cause against RMA for its repeated failures to produce written discovery and appear for depositions.  (*Id*. at 2).  The Court orally granted the motions and extended the fact discovery deadline to March 23, 2012.  [Doc. No. 40].

On March 20, 2012, the Court issued an order to show cause, requiring an RMA corporate representative to personally appear on March 27, 2012 and show cause why it should not be sanctioned for failing to comply with the Court's orders.  (Order Dated Mar. 20, 2012) [Doc. No. 41].  The Court cautioned RMA that non-compliance would necessitate Rule 37 sanctions "including the rendering of default judgment."  (*Id*. at 2).  RMA's counsel was ordered to serve notice of the order to show cause on RMA via overnight courier and email.  (*Id*. at 2). The Court also required RMA to inform Deluxe whether any personal representatives of RMA planned to appear at the March 27, 2012 hearing.  (*Id*. at 2); [Doc. No. 42].

In a letter dated March 26, 2012, Deluxe notified the Court that it had not received any additional communications from RMA.  [Doc. No. 45].  Deluxe requested the following sanctions against RMA in the 11-cv-1519 case for RMA's failure to comply with the order to show cause: (1) judgment be entered with prejudice against RMA; (2) judgment be entered in favor of Deluxe on Count II of Deluxe's counterclaim in the amount of $99,494; and (3) judgment be entered against RMA in favor of Deluxe on Count III of its counterclaim in the amount of $1,250,000 plus interest of $232,550.50.  (*Id*. at 1-2).  Additionally, Deluxe requested

that the Court issue an order to show cause against Mr. Findley for failing to respond to

discovery and refusing to appear for his duly noticed deposition.  (*Id*. at 2).

Rather than appear personally for the show cause hearing on March 27, 2012, Mr. Findley

submitted a letter in his capacity as President of RMA requesting that the show cause hearing be

continued; the Court denied this request.  (Mar. 22, 2012 Letter) [Doc. Nos. 44, 46].  Findley's

letter stated:

> I do not personally, nor does the corporation have the financial capacity to fund
> legal efforts to see the case through to a verdict.  I have retained bankruptcy
> coun[sel] in Connecticut [that] will review the files over the coming weeks.  It is
> possible that a trustee in bankruptcy might want to pursue the claims, which I
> believe have merit.

[Doc. No. 44, at 1].[1]

On March 28, 2012, the Court issued an order granting the motions to withdraw providing

in relevant part:

> In granting MTC's and Watson Bennett's motions, RMA is in default as of the
> date of this order.  To allow RMA to secure substitute counsel, however, the Court
> gives RMA 30 days from the date of this order to obtain substitute counsel.  If
> RMA does not obtain substitute counsel within 30 days, the Court will
> recommend default.  Furthermore, within seven days, RMA's former counsel
> must send a letter to RMA with copies to the Court, co-counsel, and Deluxe
> stating that the Court granted the motions to withdraw.  The letter must also
> remind RMA that it cannot proceed *pro se*, that by doing so it is in default, and the
> Court has given it 30 days in which to obtain substitute counsel.

(Order Dated Mar. 28, 2012) [Doc. No. 49, at 6].  The Court also issued an order to show cause

on March 28, requiring Mr. Findley to appear personally on May 4, 2012 and state why default or

other sanctions pursuant to Fed. R. Civ. P. 37 should not be entered against him.  (Order Dated

Mar. 28, 2012) [Doc. No. 50].

---

[1]    Though the letter was dated March 22, 2012, it was not received and scanned onto the
docket until March 26, 2012.

Mr. Findley did not respond to the order to show cause, nor did he appear for the hearing on May 4, 2012.  [Doc. No. 52]; (Aff. of Jonathan M. Bye in Supp. of Req. for Sanctions, "Bye Aff.") [Doc. No. 53 at 2-3].  Despite Deluxe's diligent attempts to obtain discovery responses and deposition testimony, Mr. Findley remained non-communicative and non-compliant.  (Bye Aff. at 2); [Doc. No. 51].  In addition to interest on the default judgment sanctions requested in the March 26, 2012 letter, Deluxe also asked the Court to recommend (1) dismissal without prejudice of Counts I, IV, and V of Deluxe's counterclaim against RMA in the 11-cv-1519 case and (2) that judgment be entered against Findley in the 11-cv-1449 case for interest in the amount of $242,185.92 beginning May 1, 2012, accruing at $316.78 per day.  (Bye Aff. at 3).

## II. DISCUSSION

### A.  Default Against RMA is Warranted Pursuant to 28 U.S.C. § 1654.

It is well-settled in this Circuit that a corporation or other artificial business entity cannot appear *pro se* and may only appear through counsel.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983); *3M Co. v. Darlet-Marchante-Technologie SA*, No. 08-CV-0827 (JNE/SRN), 2010 WL 3733885, at *3 (D. Minn. Aug. 18, 2010).  Pursuant to 28 U.S.C. § 1654, a corporation is technically in default as of the date that counsel is permitted to withdraw without substitution.  *See Simitar Entm't, Inc. v. Silva Entm't, Inc.*, 44 F.Supp.2d 986, 990 (D. Minn. 1999).  Because RMA is an artificial entity, it cannot proceed without representation.[2]

---

[2]    No facts exist to necessitate a Fed. R. Civ. P. 25(c) analysis to determine whether the Court should consider Findley to have substituted himself in the place of RMA. *Compare RP, Inc. v. Liefschultz*, 05cv86 (JRT/FLN), 2005 WL 1432224, at *1 (D. Minn. Apr. 4, 2005).  No representation has been made that RMA has been dissolved, nor is RMA purported to be Findley's sole proprietorship.

RMA was in default as of March 28, 2012 when MTC's and Watson Bennett's motions were granted. *See* 28 U.S.C. § 1654; *Simitar Entm't*, 44 F. Supp. 2d at 990. (Order Dated Mar. 28, 2012) [Doc. No. 49 at 6]. The Court allowed RMA 30 days to obtain substitute counsel. Over 80 days have passed, and despite adequate notice and several warnings from the Court, RMA has made no effort to retain counsel. Accordingly, entry of default against RMA in the 11-cv-1519 case for violation of 28 U.S.C. § 1654 is appropriate. *Van Stelton*, 988 F.2d at 70; *Carr Enters*, 698 F.2d at 953; *3M*, 2010 WL 3733885, at * 3.

**B. Default is Warranted Against Findley and RMA as a Sanction for Their Failure to Comply with the Court's Orders to Show Cause.**

Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vii) and 37(b)(2)(C) provide that if a party fails to obey an order to provide discovery, a court may issue sanctions including "striking pleadings in whole or in part," "dismissing the action," or "rendering a default judgment against the disobedient party." *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980); *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1011 (8th Cir. 1993); *Gleghorn v. Melton*, 195 Fed. App'x 535, 537 (8th Cir. 2006). To justify dismissal under Rule 37, there must be: (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party. *Sentis Grp., Inc., Coral Grp., Inc. v. Shell Oil Co.,* 559 F.3d 888, 899 (8th Cir. 2009). The Eighth Circuit recognizes "a strong policy in favor of deciding a case on its merits, and against depriving a party of his day in court," but a court can order a default judgment in appropriate circumstances. *Chrysler*, 186 F.3d at 1020.

A court's inherent authority also allows it to "fashion an appropriate sanction for conduct which abuses the judicial process. . . ." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991). "So long as [the Court] considers whether a lesser sanction is available or appropriate," it need not impose the least severe sanction. *Brennan v. Qwest Comm's Int'l, Inc.*, No. 07-2024

(ADM/JSM), 2009 WL 1586721, at \*7 (D. Minn. Jun. 4, 2009) (citing *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000). Discretion under Rule 37 is limited such that the sanction be "just" and relate to the claim at issue. *Hairston v. Alert Safety Light Products, Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (quoting *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)).

**1.   Mr. Findley's Failure to Comply with the Court's Order to Show Cause.**

Mr. Findley has made no effort to comply with this Court's orders requiring him to produce written discovery, appear for the May 2012 show cause hearing, or attend noticed depositions. (Bye Aff. at 2-3). Mr. Findley's conduct and his March 2012 letter to the Court demonstrate his intent to abandon this action.[3] [Doc. No. 44]. His former counsel have exhausted their efforts to communicate with him and obtain responses to discovery. To no avail, the Court has held three hearings and has issued three orders informing the Findley parties that it would recommend default if their non-compliance persisted. [Doc. Nos. 39-41, 49-50, 52]. Based on these findings, the sanction of default is warranted. Fed. R. Civ. P. 37(b)(2)(A)(iv).

The Court considered the possibility of imposing less severe sanctions and believes that sanctions less than default would be ineffective against a parties that have made no effort to comply with this Court's orders. *Keefer*, 238 F.3d at 941; *Brennan*, 2009 WL 1586721, at \* 7. Sanctions short of default would allow the case to languish and indefinitely remain in abeyance. Further delay is not justified in light of Mr. Findley's blatant disregard of the Court's authority.

---

3      Rule 41(b) also allows district courts to dismiss a case with prejudice if a plaintiff "fails to prosecute or comply with these rules or a court order." Like Rule 37(b), Rule 41(b) requires willful disregard of a court order and also requires the exhibition of a "pattern of intentional delay." *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) (quoting *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000)). The Findley parties appear to have consciously decided not to pursue either action, which further justifies an entry of default. In the Eighth Circuit, however, decisions dealing with noncompliance with discovery orders should rely on Rule 37 rather than Rule 41. *Sentis Group*, 559 F.3d at 899-900.

The Court has been patient in an effort to guard against recommending a result that is not merits-based.  This patience has been exhausted.

        **2.      RMA's Failure to Comply with the Court's Order to Show Cause.**

In addition to RMA being in default as a *pro se* corporation, RMA's failure to comply with this Court's March 20, 2012 Order to show cause justifies the sanction of default.  Fed. R. Civ. P. 37(b)(2)(A)(iv).  RMA had notice of the show cause hearing and ample opportunity to be heard.  RMA disobeyed this Court's order by failing to appear personally for the show cause hearing, provide written discovery, or produce a corporate representative for deposition.  (Bye Aff. at 2-3); [Doc. Nos. 36, 44-45, 52].  Though the Court considered sanctions short of default, because RMA cannot appear as a *pro se* corporation, a less drastic remedy is not appropriate.  As such, the Court recommends that default be entered against RMA.

        **C.  Default Recommendation.**

"A party entitled to default judgment is required to prove the amount of damages that should be awarded."  *Oberstar v. Fed. Dep. Ins. Corp.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993).  Damages on default must be proven with "a reasonable degree of certainty."  *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001) (citing *N. Cent. Co. v. Phelps Aero, Inc.*, 139 N.W.2d 258, 263 (Minn. 1965).  Deluxe has not filed a formal motion for entry of default, nor has it filed a motion for sanctions.  Though the materials Deluxe submitted in support of its request for default substantiate its claims, recommending specific judgment amounts would be premature and beyond this Court's authority in the absence of an order of reference.  Fed. R. Civ. P. 55(a)-(b).

### III.  RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED that**:

1.  Default judgment be entered in the 11-cv-1519 case as follows:

    a.  Dismissing RMA's claims with prejudice;

    b.  Dismissing Counts I, IV, and V of Deluxe's counterclaims against RMA without prejudice;

    c.  Entering judgment against RMA and in favor of Deluxe on Counts II and III of Deluxe's counterclaims in an amount of judgment that shall be determined by the District Court upon further submissions;

2.  Default judgment be entered in the 11-cv-1449 case on all counts against Mr. Findley in an amount of judgment that shall be determined by the District Court upon further submissions.

Dated: June 19, 2012

s/ Steven E. Rau_____
STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 3, 2012,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.